DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 10560. Department One. June 3, 1913.]

ARNOLD A. ZBINDEN et al., Appellants, v. THE CITY OF
SEATTLE et al., Respondents.[1]

INTOXICATING LIQUORS — LICENSES—REGULATION—SALOON "FRONT-
ING" ON STREET. A saloon, the main entrance of which is directly
opposite the entrance of a hotel lobby opening upon a street, and
thus directly upon the street through the unobstructed hotel lobby,
"fronts" upon such street, although it is eighty feet distant from the
street, within the meaning and spirit of an ordinance prohibiting the
granting of more than two saloon licenses in the same block "front-
ing on the same street."

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered July 8, 1912, dismissing an ac-
tion to compel the issuance of a saloon license, after a trial on
the merits. Affirmed.

*Scott Calhoun*, for appellants.

*James E. Bradford* and *C. B. White*, for respondents.

PARKER, J.—The plaintiffs seek to enforce their claimed
right to maintain a saloon in a room on the ground floor of
the premises known as No. 511 Third avenue, in the city of
Seattle, under an alleged lawful granting of a license therefor
by the city council of that city. A trial upon the merits in
the superior court resulted in a judgment denying to the
plaintiffs the relief prayed for, from which they have ap-
pealed.

[1]Reported in 132 Pac. 637.

The correctness of the position taken by the executive officers of the city in denying to appellants the right to maintain a saloon at the location involved depends upon whether the maintaining of the saloon at that location would be in violation of the following provisions of the city charter limiting the power of the city council to grant saloon licenses:

"Within the saloon patrol districts herein described, . . . no license shall hereafter be granted which shall make the number of licensed places situated on the same block of land and fronting on the same street exceed two (including herein basements as well as other premises and counting all kinds of liquor licenses)."

In July, 1911, appellants procured from the city authorities a transfer of their saloon license from outside of the block which includes the location in question to the rear on the ground floor of the Seward hotel, at 511 Third avenue. At that time, there were in lawful operation under licenses two saloons in the same block, both of which fronted upon Third avenue. Appellants' transferred license expired on April 7, 1912, the other saloons still being lawfully operated under licenses. Shortly prior thereto, the appellants applied to the city council for renewal of their transferred license at the same location. The city council passed an ordinance granting such renewal, which was vetoed by the mayor, and was thereafter passed over the mayor's veto. The city comptroller refused to issue the license in compliance with this ordinance, and the mayor and chief of police closed appellants' saloon and denied them the right to operate it at that location. This action was thereupon instituted to compel the comptroller to issue the license, and to enjoin the mayor and chief of police from interfering with appellants' right to operate the saloon.

The only question here involved is, Would this saloon, if permitted to be operated in the location in question, front upon Third avenue, in violation of the charter provision above quoted, in view of there being two other lawfully operated

saloons in the same block fronting upon that street. From a plat introduced in evidence of the ground floor of that portion of the hotel known as No. 511 Third avenue, the correctness of which is not challenged, the saloon location relative to Third avenue is clearly shown. The saloon is in the rear of the hotel lobby, which fronts directly upon the street. From the street entrance of the hotel lobby back to the door, which opens from the lobby into the saloon, is about eighty feet. The street entrance to the lobby and the entrance to the saloon from the lobby are exactly opposite each other and there are no partitions or other obstacles intervening. At the side of the hotel lobby, on the left as one enters and proceeds back to the saloon entrance, there is a cigar stand, an elevator, the hotel office and stairs ascending from the lobby, but none of these obstruct the view or the direct passage from the street entrance to the entrance to the saloon from the hotel lobby.

We are of the opinion that the learned trial court correctly held that, to permit the maintaining of a saloon in this location while there were two other lawfully conducted saloons in the same block fronting upon Third avenue, would be a violation of the spirit of the charter provision above quoted. It is apparent that the main entrance to this saloon is directly from Third avenue through the unobstructed hotel lobby, although the street and saloon doors are some eighty feet distant from each other.

The judgment is affirmed.

CROW, C. J., MOUNT, GOSE, and CHADWICK, JJ., concur.